FILED

IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

2010 JUL -8  P 4: 39

CLERK US DISTRICT COURT

| | | |
|---|---|---|
| NTP, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action No.: 3:10cV47/ |
| v. | ) | |
| | ) | Jury Trial Demanded |
| MOTOROLA, INC., | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NTP, Inc. ("NTP" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendant, Motorola, Inc. ("Motorola" or "Defendant") as follows:

### A.    Nature of the Action

1.    This is a civil action for the infringement of United States Patent Nos. 5,438,611 ("the '611 patent") (attached as Exhibit A) entitled "Electronic Mail System with RF Communications to Mobile Processors Originating From Outside of the Electronic Mail System and Method of Operation Thereof"; 5,479,472 ("the '472 patent") (attached as Exhibit B) entitled "System for Interconnecting Electronic Mail Systems by RF Communications and Method of Operation Thereof"; 5,436,960 ("the '960 patent") (attached as Exhibit C) entitled "Electronic Mail System with RF Communications to Mobile Processors and Method of Operation Thereof"; 5,625,670 ("the '670 patent") (attached as Exhibit D) entitled "Electronic Mail System With RF Communications to Mobile Processors"; 5,819,172 ("the '172 patent") (attached as Exhibit E) entitled "Electronic Mail System with RF Communications to Mobile Radios"; 6,067,451 ("the '451 patent") (attached as Exhibit F) entitled "Electronic Mail System with RF Communications to Mobile Processors"; 6,317,592 ("the '592 patent") (attached as

LIBW/1741569.1

Exhibit G) entitled "Electronic Mail System with RF Communications to Mobile Processors"; and 5,631,946 ("the '946 patent") (attached as Exhibit H) entitled "System of Transferring Information from a RF Receiver to a Processor under Control of a Program Stored by the Processor and Method of Operation Thereof" (collectively, "the Campana Patents" or the "patents-in-suit").

## B. The Parties

2.      Plaintiff NTP is a company organized and existing under the laws of the Commonwealth of Virginia, and has its business address at 16381 Locust Hill Drive, Rockville, Virginia 23146.

3.      Plaintiff NTP is the lawful assignee of all right, title and interest in and to the Campana Patents relating to the use of RF (wireless) communications in electronic mail systems, as further described herein.

4.      Defendant Motorola, Inc. ("Motorola" or "Defendant") is a Delaware corporation with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

5.      Defendant is a manufacturer and supplier of wireless handheld devices and associated software applications for use with electronic mail systems. Defendant is also a manufacturer and supplier of networking equipment for both cellular network operators and consumers.

## C. Jurisdiction and Venue

6.      Because this action arises under the Patent Laws of the United States, 35. U.S.C. § 1 *et seq.* and specifically 35 U.S.C. § 271, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

LIBW/1741569.1

7.     This Court has personal jurisdiction over defendant Motorola under Va. Code Ann. § 8.01-328.1 because Defendant has caused injury to Plaintiff in this District. Moreover, this lawsuit arises out of the infringing acts committed by the Defendant in this District.

8.     Venue in this Court is proper, pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), 28 U.S.C. § 1400(b) and Local Rule 3(C) because Defendant can be deemed to reside in the Richmond Division and a substantial part of Defendant's infringing activities also occurred in the Richmond Division.

### D.     Factual Background

### 1.     Mr. Campana Invented Wireless Email

9.     Generally, the patents-in-suit relate to an innovative vision by a brilliant inventor, Thomas Campana, to integrate two distinct technologies: electronic mail and wireless networks. Mr. Campana invented unique technologies that enable a user to receive and view an email message from a wireless mobile device, without needing to connect to his wireline personal desktop computer.

10.     Mr. Campana founded ESA Telecom Systems, a wireless engineering consulting firm, in 1971 and spent the next 20 years helping companies develop their paging networks. By 1990, Campana was recognized as a trusted provider of advanced wireless solutions in the telecommunications industry. For example, from 1986 to 1991 Campana acted as Vice President of Engineering for Telefind Corporation. At a time when pager networks were local operations more akin to independent, regional radio stations than the giant service providers we have today, Campana was working with Telefind to develop one of the very first national networks capable of transmitting alphanumeric pages anywhere in the country. Telefind's paging technology was so sophisticated and ground breaking that it prompted a number of inquiries regarding potential acquisition by major telecommunications carriers both in the U.S. and abroad.

11.     The visionary work of Mr. Campana occurred at a time when digital cellular telephone networks were a relatively new concept. At that time, there were no systems for sending emails to or from mobile devices. In fact, the concept of email itself was still a relatively new concept that only became popularized with the arrival of large online service providers such as America Online.

12.     Realizing that email and wireless technologies were ripe for combination, in the summer of 1990, Mr. Campana began to develop a wireless email system that garnered the attention of AT&T. At AT&T's request, Mr. Campana built a working model that specifically interfaced with AT&T's newly designed line of portable computers. Mr. Campana and his employees demonstrated the system to AT&T in October, 1990 and then to AT&T's most valued customers at an industry tradeshow the following month. The demonstration consisted of sending an email through the AT&T email system to a portable AT&T Safari computer capable of sending and receiving emails wirelessly via a modem that had been specially programmed for that purpose. Based on this technology, Mr. Campana filed a series of applications with the PTO that eventually issued as the patents-in-suit.

13.     Although Mr. Campana's company eventually failed, Mr. Campana's vanguard technology described and claimed in the patents-in-suit has been adopted worldwide. Moreover, many current industry leaders have recognized the value of the technology and have licensed the patents-in-suit.

14.     The '611 patent, entitled "Electronic Mail System With RF Communications To Mobile Processors Originating From Outside Of The Electronic Mail System And Method Of Operation Thereof," issued on August 1, 1995. The inventors of the '611 patent are Thomas J.

4

Campana, Jr., Michael P. Ponschke, and Gary F. Thelen. The '611 patent is now, and has been at all times since its date of issue, valid and enforceable.

15.    The '472 patent, entitled "System For Interconnecting Electronic Mail Systems By RF Communications And Method Of Operation Thereof," issued on December 26, 1995. The inventors of the '472 patent are Thomas J. Campana, Jr., Michael P. Ponschke, and Gary F. Thelen. The '472 patent is now, and has been at all times since its date of issue, valid and enforceable.

16.    The '960 patent, entitled "Electronic Mail System With RF Communications To Mobile Processors And Method Of Operation Thereof," issued on July 25, 1995. The inventors of the '960 patent are Thomas J. Campana, Jr., Michael P. Ponschke, and Gary F. Thelen. The '960 patent is now, and has been at all times since its date of issue, valid and enforceable.

17.    The '670 patent, entitled "Electronic Mail System With RF Communications To Mobile Processors," issued on April 29, 1997. The inventors of the '670 patent are Thomas J. Campana, Jr., Michael P. Ponschke, and Gary F. Thelen. The '670 patent is now, and has been at all times since its date of issue, valid and enforceable.

18.    The '172 patent, entitled "Electronic Mail System With RF Communications To Mobile Radios," issued on October 6, 1998. The inventors of the '172 patent are Thomas J. Campana, Jr., Michael P. Ponschke, and Gary F. Thelen. The '172 patent is now, and has been at all times since its date of issue, valid and enforceable.

19.    The '451 patent, entitled "Electronic Mail System With RF Communications To Mobile Processors," issued on May 23, 2000. The inventors of the '451 patent are Thomas J. Campana, Jr., Michael P. Ponschke, and Gary F. Thelen. The '451 patent is now, and has been at all times since its date of issue, valid and enforceable.

LIBW/1741569.1

20.    The '592 patent, entitled "Electronic Mail System With RF Communications To Mobile Processors," issued on November 13, 2001. The inventors of the '592 patent are Thomas J. Campana, Jr., Michael P. Ponschke, and Gary F. Thelen. The '592 patent is now, and has been at all times since its date of issue, valid and enforceable.

21.    The '946 patent, entitled "System For Transferring Information From a RF Receiver to a Processor Under Control of a Program Stored by the Processor and Method of Operation Thereof," issued on May 20, 1997. The inventors of the '946 patent are Thomas J. Campana, Jr., Michael P. Ponschke and Gary F. Thelen. The '946 patent is now, and has been at all times since its date of issue, valid and enforceable.

### 2.    NTP Won Prior Litigation Involving the Patents-in-Suit

22.    Five of the patents-in-suit were the subject of a widely publicized patent infringement litigation filed in this Court by NTP against Research-in-Motion, Ltd. ("RIM") on November 13, 2001, Civil Action No. 3:01CV767 ("the RIM Action").

23.    In the course of the RIM Action, RIM extensively litigated the validity and enforceability of the five patents at issue, as well as the issue of RIM's infringement. The issues of infringement and validity were tried in a thirteen-day jury trial in November 2002, before the Honorable James R. Spencer, District Judge.

24.    The jury returned a verdict finding that RIM willfully infringed all of the claims of the patents that were asserted at trial under theories of direct infringement, induced infringement and contributory infringement, by making and selling Blackberry handsets, producing and selling email software, and operating the Blackberry system. The jury also found the inventions of the asserted claims were novel and non-obvious to one of ordinary skill in the

6

art by finding that all of the asserted claims were valid and the claims were not anticipated or rendered obvious under §§ 102 and/or 103 of the Patent Act.

25.     Following the jury verdict, RIM moved the Court for JMOL or, in the alternative, for a new trial. The trial court denied both motions by Order dated May 23, 2003. The Court then entered a Final Order awarding NTP enhanced damages and attorney fees, ordering RIM to pay a 5.7% royalty rate on all sales of the infringing products, and issuing a permanent injunction against RIM. A copy of the Court's Final Order dated August 5, 2003 is attached as Exhibit I.

26.     RIM unsuccessfully appealed the judgment to the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), which affirmed the validity of the patents. Infringement of the system and apparatus claims was affirmed for those claims that did not contain an "originating processor" limitation, the construction of which was altered by the Federal Circuit, and infringement of the method claims was reversed because RIM's "Relay" component was in Canada, not the US. A copy of the Federal Circuit's decision is attached as Exhibit J.

27.     After losing most of its arguments before the Federal Circuit and threatened by the prospect of being enjoined from selling its lucrative Blackberry® products, RIM agreed to settle the lawsuit in March 2006 by licensing the right to practice NTP's cutting edge technology embodied by the claims of five of the patents-in-suit for the licensing fee of $612.5 million dollars.

28.     Shortly after the widespread publication of the licensing fee paid by RIM, on September 20, 2006, Oren Tavory filed a Complaint against NTP, Inc., styled *Oren Tavory v. NTP, Inc.*, Civil Action No. 3:06CV628 (E.D. Va.) (the "Tavory Action") seeking to be named as a co-inventor of seven of the eight Campana Patents at issue here and asserting claims for

copyright infringement and unjust enrichment. The action was transferred to the Richmond

Division and assigned to the Honorable Judge James R. Spencer, District Judge. The Court

dismissed the unjust enrichment claim on December 26, 2006, and granted NTP's motion for

summary judgment dismissing the remaining claims on July 17, 2007. Mr. Tavory filed a notice

of appeal on August 16, 2007. In a decision issued on October 27, 2008 (2007 WL 2965048), the

U.S. Court of Appeals for the Federal Circuit affirmed the district court's judgment for NTP.

29.     Currently pending before this Court are the following patent infringement actions

("the related actions") filed by NTP:

(1)     *NTP, Inc. v. Palm, Inc.* ("Palm"), filed on November 6, 2006 as Civil Action No. 2:06CV627 and reassigned on December 20, 2006 as Civil Action No. 3:06CV836;

(2)     *NTP, Inc. v. T-Mobile USA, Inc.* ("T-Mobile"), filed on September 7, 2007, Civil Action No. 3:07CV548;

(3)     *NTP, Inc. v. Cellco Partnership d/b/a Verizon Wireless* ("Verizon"), filed on September 7, 2007, Civil Action No. 3:07CV549;

(4)     *NTP, Inc. v. AT&T Mobility, LLC* ("AT&T"), filed on September 7, 2007, Civil Action No. 3:07CV550;

(5)     *NTP, Inc. v. Sprint Nextel Corp.* ("Sprint"), filed on September 7, 2007, Civil Action No. 3:07CV551; and

(6)     *NTP, Inc. v. Alltel Corp.* ("Alltel"), filed on May 19, 2008, Civil Action No. 3:08CV299.

30.     Seven of the patents at issue here are also at issue in the Palm Action. All the

patents at issue here are also at issue in each of the actions filed against T-Mobile, Verizon,

AT&T, Sprint, and Alltel.

31.     The related actions were stayed pending completion of the PTO reexamination

proceedings.

**3.      67 Claims Already Confirmed/Allowed After Reexamination**

32.     After the jury verdict in the RIM Action, the United States Patent and Trademark

Office ("PTO") initiated reexamination of the '946, '670, '172, '451, '592 and '472 Patents and

granted RIM's petitions for reexamination of the '960 and '611 Patents.  RIM subsequently filed

requests for reexamination of the other patents-in-suit.  The PTO Examiner rejected all the

claims of the patents-in-suit.

33.     All of the reexaminations eventually were terminated or appealed to the PTO's

Board of Patent Appeals and Interferences (the "Board").  The Board has rendered decisions for

each of the reexaminations.  The Board has confirmed or allowed 67 of NTP's patent claims

after reexamination.  The following chart summarizes the Board's decisions concerning the

reexaminations of the patents-in-suit:

| Patent No. | Reexam No. | Status | Claims Confirmed/Allowed by the Board |
|---|---|---|---|
| 5,436,960 | 90/006,533 90/006,675 90/007,731 | Affirmed in part | 4, 6, 11, 15, 17, 21, 23, 28, 32, 34, 38, 40, 45, 49, 51, 55, 57, 62, 67, 79 |
| 5,438,611 | 90/006,676 | Affirmed | |
| 5,479,472 | 90/006,677 | Affirmed in part | 10, 12, 14, 16, 18, 20, 29, 31, 33, 35, 37 |
| 5,625,670 | 90/006,491 90/006,678 90/007,723 | Affirmed in part | 567-570 |
| 5,631,946 | 90/006,492 90/006,679 | Affirmed in part | 289, 296-305, 307-309, 314-329, 333 |
| 5,819,172 | 90/006,493 90/006,680 90/007,735 | Affirmed | |
| 6,067,451 | 90/006,494 90/006,681 90/007,726 | Affirmed | |
| 6,317,592 | 90/006,495 95/000,020 | Affirmed | |

34.     After years of reexamination proceedings, the validity of claims 15, 32, and 34 of

the '960 patent, which RIM was found to infringe at trial, have been upheld.

9

35.     NTP has appealed the Board's decisions to the United States Court of Appeals for the Federal Circuit, as to those patent claims that the Board did not confirm.  The appeal is pending.

### E. Defendant's Infringing Activities and Notice Thereof

36.     Defendant has been, currently is, and continues to directly and/or indirectly infringe one or more claims of the Campana Patents by making, using, selling, offering to sell and/or importing into the United States one or more products and/or services that infringe the Campana Patents or that are specially adapted for use in infringing products.  Such activities include: (1) sales and distribution of infringing devices, software and services through retail stores, including stores located in the Richmond Division to customers in the Richmond Division for use in the Richmond Division; (2) direct solicitation of sales or leases and actual sales or leases of infringing devices, software and services to customers, including customers in the Richmond Division, via the Defendant's online Web sites including but not limited to http://www.Motorola.com; (3) knowingly communicating with customers, including customers located in the Richmond Division, through telephone and online contacts for technical support of the infringing use of products and services sold by the Defendant; (4) conducting marketing, promotion, and advertising activities for infringing products and services within the Richmond Division and elsewhere in the United States, such activities thereby including offers to sell directed at customers in the Richmond Division; (5) providing instructions, support and services to customers who are infringing the Campana Patents, including customers in the Richmond Division; and (6) engaging in licensing agreements with companies, including companies located in the Richmond Division, for the marketing, advertising, sales, support and use of products and services that infringe the Campana Patents.

10

37. Defendant indirectly infringes one or more claims of the Campana Patents by knowingly making, using, offering to sell, selling or importing into the United States one or more materials or especially adapted components of the claimed inventions of the Campana Patents for use in practicing the patent inventions.

38. Upon information and belief, Defendant has continued to infringe the patents-in-suit, despite its knowledge of them and in reckless disregard for NTP's patent rights. Upon information and belief, no later than the year 2000, NTP had sent, and Defendant received, at least one letter with offers to license the Campana Patents. In 2000, Defendant participated in a meeting with NTP's representatives at Defendant's corporate headquarters to discuss NTP's licensing offers. On information and belief, Defendant also has direct knowledge from press reports and independent investigation of the merits underlying NTP's patent rights from its knowledge of the disposition of NTP's patent infringement suit against RIM. Further, Defendant is aware of the status of the pending reexaminations as such information is publicly available. Defendant is aware that the Campana Patents are presumed valid and remain enforceable during the pendency of the reexaminations. And, on information and belief, Defendant is aware through published press reports that the reexaminations were instituted because of political pressure on the PTO and are without merit. Despite its knowledge of the disposition of NTP's patent infringement suit against RIM and the fact that RIM took a license to the Campana Patents, Defendant chose to market and promote its smartphone devices and, in particular, the related email functionalities in direct competition with RIM BlackBerry devices which were found to infringe upon, and are currently licensed under, the Campana Patents. On information and belief, Defendant is also aware of the patent infringement suits that NTP filed against T-Mobile, Verizon, and AT&T respectively on September 7, 2007, Civil Action Nos. 3:07CV548-550,

11

which involve the same Campana Patents as asserted in this Complaint. However, Defendant continues to market, sell, and offer to sell its infringing smartphone devices through these wireless carriers. Defendant's continued infringement with its present knowledge of NTP's patent rights and their relevance to Defendant's operations is reckless and willful.

39. NTP has been irreparably harmed by the Defendant's infringement of its valuable patent rights. Moreover, Defendant's unauthorized, infringing use of NTP's patented systems and methods has threatened the value of this intellectual property because Defendant's conduct results in NTP's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

40. Defendant's disregard for NTP's property rights similarly threatens NTP's relationships with its licensees and potential licensees of this intellectual property. Defendant will derive a competitive advantage over any of NTP's existing and future licensees from using NTP's patented technology without paying compensation for such use. Accordingly, unless and until Defendant's continued acts of infringement are enjoined, NTP will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT I

### (Infringement of U.S. Patent No. 5,438,611)

41. Paragraphs 1-40 are incorporated by reference as if fully restated herein.

42. Defendant makes, uses, sells and offers to sell, and/or imports into the United States for subsequent use and sale products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processors that infringe, directly and/or indirectly, one or more claims of the '611 patent.

12

43.     Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '611 patent by making, using, selling, offering to sell and importing into the United States products, including wireless devices such as Motorola CLIQ™, Droid, and other wireless email-ready devices, the use of which is covered by one or more claims of the '611 patent.

44.     Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '611 patent by making, using, selling, offering to sell and importing into the United States software programs, including the Defendant's MOTOBLUR™ software and Microsoft Exchange ActiveSync or Google Gmail™ compatible email application(s), the use of which is covered by one or more claims of the '611 patent.

45.     Defendant's continuing acts of infringement constitute willful infringement of the '611 patent.

46.     Defendant's activities infringing the '611 patent have damaged NTP and will continue to cause NTP irreparable harm unless such infringing activities are enjoined by this Court.

## COUNT II

### (Infringement of U.S. Patent No. 5,479,472)

47.     Paragraphs 1-40 are incorporated by reference as if fully restated herein.

48.     Defendant makes, uses, sells and offers to sell, and/or imports into the United States for subsequent use and sale products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processors that infringe, directly and/or indirectly, one or more claims of the '472 patent.

LIBW/1741569.1

49.     Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '472 patent by making, using, selling, offering to sell and importing into the United States products, including wireless devices such as Motorola CLIQ™, Droid, and other wireless email-ready devices, the use of which is covered by one or more claims of the '472 patent.

50.     Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '472 patent by making, using, selling, offering to sell and importing into the United States software programs, including the Defendant's MOTOBLUR™ software and Microsoft Exchange ActiveSync or Google Gmail™ compatible email application(s), the use of which is covered by one or more claims of the '472 patent.

51.     Defendant's continuing acts of infringement constitute willful infringement of the '472 patent.

52.     Defendant's activities infringing the '472 patent have damaged NTP and will continue to cause NTP irreparable harm unless such infringing activities are enjoined by this Court.

## COUNT III

### (Infringement of U.S. Patent No. 5,436,960)

53.     Paragraphs 1-40 are incorporated by reference as if fully restated herein.

54.     Defendant makes, uses, sells and offers to sell, and/or imports into the United States for subsequent use and sale products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processors that infringe, directly and/or indirectly, one or more claims of the '960 patent.

14

55.     Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '960 patent by making, using, selling, offering to sell and importing into the United States products, including wireless devices such as Motorola CLIQ™, Droid, and other wireless email-ready devices, the use of which is covered by one or more claims of the '960 patent.

56.     Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '960 patent by making, using, selling, offering to sell and importing into the United States software programs, including the Defendant's MOTOBLUR™ software and Microsoft Exchange ActiveSync or Google Gmail™ compatible email application(s), the use of which is covered by one or more claims of the '960 patent.

57.     Defendant's continuing acts of infringement constitute willful infringement of the '960 patent.

58.     Defendant's activities infringing the '960 patent have damaged NTP and will continue to cause NTP irreparable harm unless such infringing activities are enjoined by this Court.

## COUNT IV

### (Infringement of U.S. Patent No. 5,625,670)

59.     Paragraphs 1-40 are incorporated by reference as if fully restated herein.

60.     Defendant makes, uses, sells and offers to sell, and/or imports into the United States for subsequent use and sale products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processors that infringe, directly and/or indirectly, one or more claims of the '670 patent.

LIBW/1741569.1

61.     Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '670 patent by making, using, selling, offering to sell and importing into the United States products, including wireless devices such as Motorola CLIQ™, Droid, and other wireless email-ready devices, the use of which is covered by one or more claims of the '670 patent.

62.     Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '670 patent by making, using, selling, offering to sell and importing into the United States software programs, including the Defendant's MOTOBLUR™ software and Microsoft Exchange ActiveSync or Google Gmail™ compatible email application(s), the use of which is covered by one or more claims of the '670 patent.

63.     Defendant's continuing acts of infringement constitute willful infringement of the '670 patent.

64.     Defendant's activities infringing the '670 patent have damaged NTP and will continue to cause NTP irreparable harm unless such infringing activities are enjoined by this Court.

## COUNT V

### (Infringement of U.S. Patent No. 5,879,172)

65.     Paragraphs 1-40 are incorporated by reference as if fully restated herein.

66.     Defendant makes, uses, sells and offers to sell, and/or imports into the United States for subsequent use and sale products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processors that infringe, directly and/or indirectly, one or more claims of the '172 patent.

LIBW/1741569.1

67.    Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '172 patent by making, using, selling, offering to sell and importing into the United States products, including wireless devices such as Motorola CLIQ™, Droid, and other wireless email-ready devices, the use of which is covered by one or more claims of the '172 patent.

68.    Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '172 patent by making, using, selling, offering to sell and importing into the United States software programs, including the Defendant's MOTOBLUR™ software and Microsoft Exchange ActiveSync or Google Gmail™ compatible email application(s), the use of which is covered by one or more claims of the '172 patent.

69.    Defendant's continuing acts of infringement constitute willful infringement of the '172 patent.

70.    Defendant's activities infringing the '172 patent have damaged NTP and will continue to cause NTP irreparable harm unless such infringing activities are enjoined by this Court.

## COUNT VI

### (Infringement of U.S. Patent No. 6,067,451)

71.    Paragraphs 1-40 are incorporated by reference as if fully restated herein.

72.    Defendant makes, uses, sells and offers to sell, and/or imports into the United States for subsequent use and sale products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processors that infringe, directly and/or indirectly, one or more claims of the '451 patent.

17

73.     Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '451 patent by making, using, selling, offering to sell and importing into the United States products, including wireless devices such as Motorola CLIQ™, Droid, and other wireless email-ready devices, the use of which is covered by one or more claims of the '451 patent.

74.     Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '451 patent by making, using, selling, offering to sell and importing into the United States software programs, including the Defendant's MOTOBLUR™ software and Microsoft Exchange ActiveSync or Google Gmail™ compatible email application(s), the use of which is covered by one or more claims of the '451 patent.

75.     Defendant's continuing acts of infringement constitute willful infringement of the '451 patent.

76.     Defendant's activities infringing the '451 patent have damaged NTP and will continue to cause NTP irreparable harm unless such infringing activities are enjoined by this Court.

## COUNT VII

### (Infringement of U.S. Patent No. 6,317,592)

77.     Paragraphs 1-40 are incorporated by reference as if fully restated herein.

78.     Defendant makes, uses, sells and offers to sell, and/or imports into the United States for subsequent use and sale products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processors that infringe, directly and/or indirectly, one or more claims of the '592 patent.

LIBW/1741569.1

79.    Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '592 patent by making, using, selling, offering to sell and importing into the United States products, including wireless devices such as Motorola CLIQ™, Droid, and other wireless email-ready devices, the use of which is covered by one or more claims of the '592 patent.

80.    Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '592 patent by making, using, selling, offering to sell and importing into the United States software programs, including the Defendant's MOTOBLUR™ software and Microsoft Exchange ActiveSync or Google Gmail™ compatible email application(s), the use of which is covered by one or more claims of the '592 patent.

81.    Defendant's continuing acts of infringement constitute willful infringement of the '592 patent.

82.    Defendant's activities infringing the '592 patent have damaged NTP and will continue to cause NTP irreparable harm unless such infringing activities are enjoined by this Court.

## COUNT VIII

### (Infringement of U.S. Patent No. 5,631,946)

83.    Paragraphs 1-40 are incorporated by reference as if fully restated herein.

84.    Defendant makes, uses, sells and offers to sell, and/or imports into the United States for subsequent use and sale products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processors that infringe, directly and/or indirectly, one or more claims of the '946 patent.

19

85.    Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '946 patent by making, using, selling, offering to sell and importing into the United States products, including wireless devices such as Motorola CLIQ™, Droid, and other wireless email-ready devices, the use of which is covered by one or more claims of the '946 patent.

86.    Defendant has been, and is now, infringing, inducing the infringement of, and contributing to the infringement of the '946 patent by making, using, selling, offering to sell and importing into the United States software programs, including the Defendant's MOTOBLUR™ software and Microsoft Exchange ActiveSync or Google Gmail™ compatible email application(s), the use of which is covered by one or more claims of the '946 patent.

87.    Defendant's continuing acts of infringement constitute willful infringement of the '946 patent.

88.    Defendant's activities infringing the '946 patent have damaged NTP and will continue to cause NTP irreparable harm unless such infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, NTP prays for judgment as follows:

A.    That this Court adjudge and decree that the Campana Patents are infringed by Defendant, that Defendant has induced infringement, and that Defendant has contributed to infringement.

B.    That infringement, inducement of infringement, and contributing to infringement by Defendant has been willful.

20

LIBW/1741569.1

C.     That this Court permanently enjoin Defendant and its officers, directors, agents, servants, employees, attorneys, successors, licensees, assigns, and all others in active concert or participation with Defendant, from engaging in any acts that constitute infringement, inducement of infringement, or contributory infringement of the Campana Patents.

D.     That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to NTP as a result of Defendant's infringement.

E.     That this Court award NTP damages adequate to compensate for Defendant's infringement, inducement of infringement, and contributory infringement of its patents and any enhanced damages as the Court may see fit under 35 U.S.C. § 284.

F.     That this Court assess pre-judgment and post-judgment interest and costs, together with an award of interest and costs, in accordance with 35 U.S.C. § 284.

G.     That this Court declare this case to be exceptional and direct Defendant to pay NTP its attorney's fees for this action, including those pursuant to 35 U.S.C. § 285.

H.     That NTP be awarded such further relief as this Court may deem just and appropriate.

## JURY DEMAND

NTP demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

LIBW/1741569.1

Respectfully submitted,

July 8, 2010

_____

Craig T. Merritt (VSB #20281)
E-mail: cmerritt@cblaw.com
R. Braxton Hill, IV (VSB #41539)
E-mail: bhill@cblaw.com
Henry I. Willett, III (VSB #44655)
E-mail: hwillett@cblaw.com
Nichole Buck Vanderslice (VSB #42637)
E-mail: nvanderslice@cblaw.com
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Tel: 804-697-4128
Fax: 804-697-6128

Thomas J. Scott, Jr. (VSB #14197)
Jennifer A. Albert
GOODWIN PROCTOR LLP
901 New York Ave., N.W.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

*Counsel for Plaintiff NTP, Inc.*

LIBW/1741569.1